UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY HASTINGS,
    Plaintiff,                                                   Civil Action No. 1:06-cv-418

vs.

ASSET ACCEPTANCE, LLC, et al.,         **ORDER**
    Defendants.                                         (Beckwith, J.; Hogan, M.J.)

       This matter is before the Court on plaintiff's motion to compel to discovery (Doc. 14), defendants' memorandum in opposition (Doc. 18), and plaintiff's reply memorandum (Doc. 19), and on plaintiff's motion to vacate the class discovery and class motion deadlines. (Doc. 16).

       Plaintiff's complaint alleges defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from seeking recovery on time-barred debts. Defendants Asset Acceptance, LLC, Eric Kohut, and Kimberly Klemonok are debt collectors as defined under the Act. Plaintiff alleges that defendants filed a civil complaint against him in State court in February 2006 based upon a contract for the sale of goods. Plaintiff alleges that defendants' cause of action against plaintiff accrued over ten years before the filing of the State court action and was barred by the applicable statute of limitations in violation of the FDCPA. Plaintiff seeks to bring a class action on behalf of all persons sued by any of the defendants on a time-barred debt on or after one year prior to the filing of the federal court complaint.

       In the instant motion to compel discovery, plaintiff seeks an order compelling defendants to fully respond to his document requests propounded on August 31, 2006.

**Document Requests 1 and 2**

In these requests, plaintiff seeks:

1. Any practice manual, procedure manual, or any other document, letter or memorandum setting forth Defendant's policies or practices with respect to Ohio collection litigation.

2. Any practice manual, procedure manual, or any other document, letter or memorandum indicating any <u>changes</u> in policies or practices adopted by Defendant with respect to Ohio collection litigation after the filing of the complaint in this case.

(Doc. 14, Exh. A, emphasis in original). Defendants objected to the production of such documents, alleging the following:

Objection. This request calls for attorney work-product and materials protected by the attorney client privilege. This request also calls for confidential, sensitive, proprietary business information and trade secrets. This request is vague, ambiguous, overly broad and unduly burdensome. This request is not reasonably calculated to lead to the discovery of admissible evidence.

(Doc. 14, Exh. A). The Court notes that defendants' objections to each of the plaintiff's discovery requests contains the identical language.

Plaintiff's motion is well-taken and therefore **GRANTED** with respect to Requests 1 and 2. Contrary to defendants' contention, the requests are not overly broad, vague, or irrelevant. Practice and procedural manuals and other such documents setting forth defendants' policies or practices could lead to the discovery of admissible evidence concerning the defendants' debt collection practices which are the subject of the instant complaint. In addition, the discovery sought is directly relevant to defendants' assertion of their "bona fide error" and "good faith" defenses raised in their answer.[1] A defendant asserting the "bona fide error" defense must prove

---

[1] *See* 15 U.S.C. § 1692k(c):
A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona

by a preponderance of evidence: (1) the violation was not intentional; (2) the violation resulted from a bona fide error; and (3) the *violator maintained procedures* reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c) (emphasis added). *Edwards v. McCormick,* 136 F. Supp.2d 795, 800 (S.D. Ohio 2001). Documents relating to defendants' collection policies and practices are directly relevant to whether defendants maintained procedures reasonably adapted to avoid any bona fide error and must be disclosed.

Defendants also object to all of the discovery requests on the basis of attorney-client privilege or the work product doctrine. If defendants in fact withheld discovery on these grounds, *defendants must produce a privilege log detailing all such documents.* The log should conform to the guidelines set forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(5). Defendants' privilege log must provide sufficient information to enable plaintiff to assess the applicability of the claimed privilege or protection. *Id.*

**Document Requests 3 and 4**

Documents 3 and 4 request the following:

3. All documents related to the debt which was the subject of the Clermont County complaint in *Asset Acceptance LLC v. Hastings*, Clermont County, Ohio, Municipal Court No. 2006CVH00856, which you had on hand in your law offices at the time you filed that complaint.

4. All documents relating to the debt which was the subject of the Clermont County complaint described in No. 3 above which came into your possession, custody or control after the filing of the Clermont County complaint.

Defendants responded with an objection identical to that in response to Requests 1 and 2, but then produced "all materials except any work product documents created in those cases. Specifically, Defendant produced the following: the Cardmember Agreement applicable to

---

fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Plaintiff's credit card account, Defendant's voluminous account notes, the Bill of Sale transferring the account to Defendant and all pleadings and exhibits filed in the underlying case (*Asset Acceptance, LLC v. Hastings*, Clermont County Municipal Court, Case No. 2006CVH00856)." (Doc. 18 at 5). In reply, plaintiff seeks a privilege log for any documents claimed to be protected by attorney work-product privilege.

Plaintiff's motion to compel is **GRANTED** in this regard. Defendants are required under Rule 26(b)(5) to produce a privilege log or its functional equivalent for all requested material it is withholding under a claim of either attorney-client privilege or protection by the work-product doctrine. *See* Fed. R. Civ. P. 26(b)(5). The privilege log should provide a sufficient level of detail to enable plaintiff to assess the applicability of the privilege or protection claimed by defendants. *Id.* If, after reviewing defendants' privilege log, plaintiff believes the withheld documents do not fall within the attorney's work product privileges, plaintiff may renew his motion to compel.

**Document Request 5**

Finally, plaintiff seeks the following documents related to class discovery:

5. All files, whether paper or electronic, which are associated with or related to any lawsuit you filed in any court in the United States during the period beginning one year before the filing of the complaint in this case, and continuing to the present, which lawsuit asserted liability based upon a "contract for sale" as the phrase is used in Section 2-725(A) of the Model Uniform Commercial Code.

(Doc. 14, Exh. A). Defendants object to this discovery, arguing that plaintiff is seeking irrelevant and privileged materials, that the request is overly broad and burdensome, and that the privacy interests of debtors who are not parties to this lawsuit outweigh plaintiff's need for such information.

The Court finds the document may lead to the discovery of admissible evidence concerning the defendants' debt collection activities. Additionally, plaintiff has clarified that he is not seeking attorney notes or internal attorney memoranda regarding such files, and defendants have failed to provide any reason to invoke the attorney-client or work-product privilege in its memorandum to the Court. (Doc. 18 at 2). Therefore, defendants' arguments for withholding such documents are not well-taken.

The Court also finds the privacy interests of other debtors do not outweigh plaintiff's need for such information. *Coleman v. American Red Cross*, 979 F.2d 1135 (6th Cir. 1992), cited by defendants, is inapposite. *Coleman* involved an individual claim, not a putative class action, against a supplier of transfused blood by the recipient of HIV infected blood. The district court in *Coleman* prohibited the recipient from discovering the identity of the blood donor, concluding that the peril to the safety and adequacy of the nation's blood supply resulting from donor disclosure outweighed the plaintiff's need to obtain discovery.

Here, there are no such countervailing interests and plaintiff's need for pre-certification class discovery is manifest. Defendants dispute the numerosity and commonality requirements (Doc. 4 at ¶¶6, 7) and are in possession and control of the documents and evidence needed to resolve these factual issues. While disclosure of the information sought by plaintiff could be invasive of the privacy rights of non-parties, as well as putative class members, these concerns can be adequately addressed through a well-crafted protective order limiting access to the parties, their attorneys, and Court personnel. This information is clearly relevant to the issues of class certification and the merits and should be produced.

In terms of the burden imposed by such discovery, defendants allude to "thousands of suits" filed to collect overdue accounts across the country. (Doc. 18 at 2). Pre-certification discovery "must be sufficiently broad in order that plaintiffs have a realistic opportunity to meet these requirements (of Rule 23, Fed. R. Civ. P.); at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Nash v. City of Oakwood*, Ohio 90 F.R.D. 633, 636 (S.D. Ohio 1981). The Court does not doubt that the production of documents in "thousands of suits" nationwide would be burdensome. In this regard, however, plaintiff has proposed two alternatives to full production of the records sought: (1) a stipulation by the parties for purposes of the class motion only that defendants brought at least fifty collection actions on "Sears" store cards from June 30, 2005, to the present, where more than four years passed between the date of default and the date on the complaint; or (2) a sampling of files for purposes of a statistical analysis to determine the existence and number of statute of limitations cases.

Defendants are hereby **ORDERED** to respond to the alternatives proposed by plaintiff within **fifteen (15) days** of the date of this Order. The Court will stay its ruling on plaintiff's Request 5 until such time.

Defendants are further **ORDERED** to fully respond to plaintiff's Requests 1, 2, 3, and 4 within **twenty (20) days** of the date of this Order.

For good cause shown, plaintiff's motion to vacate the class discovery and class motion deadlines (Doc. 16) is **GRANTED**. Upon resolution of plaintiff's motion to compel compliance with Request 5, the Court shall re-set the class discovery and class motion deadlines.

**IT IS SO ORDERED**.

Date: 2/6/2007                                                        s/Timothy S. Hogan
                                                                                       Timothy S. Hogan
                                                                                       United States Magistrate Judge