# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TIMOTHY HASTINGS,

    Plaintiff,                                                 Civil Action No. 1:06-cv-418

    vs.

ASSET ACCEPTANCE, LLC, et al.,          **REPORT AND**
                                                           **RECOMMENDATION**
    Defendants.                                             (Beckwith, J.; Hogan, M.J.)

This matter is before the Court on plaintiff's motion for expenses under Civil Rule 37(a)(4) (Doc. 21), defendants' memorandum in opposition (Doc. 23), and plaintiff's reply memorandum. (Doc. 25).

On February 7, 2007, the Court granted plaintiff's motion to compel discovery responses to plaintiff's Requests 1, 2, 3, and 4, and stayed its ruling on plaintiff's Request 5 pending defendants' response to the alternatives proposed by plaintiff. (Doc. 20). On April 25, 2007, at an informal telephone status conference, the parties informed the Court that they resolved the discovery dispute relating to Document Request 5. (Doc. 29). Therefore, the Court denied as moot plaintiff's motion to compel discovery with respect to Document Request 5. *Id.* Plaintiff now seeks an order requiring defendants to pay $1,633.73 in expenses associated with the motion to compel discovery responses.

Pursuant to Rule 37, the Court shall award attorney fees when a motion to compel discovery is granted unless certain exceptions apply:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the

> moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Thus, the Rule requires the Court to impose expenses against the unsuccessful party to the motion to compel unless the nondisclosing party's objection was "substantially justified" or "that other circumstances make an award of expenses unjust." *Id.; see* Fed. R. Civ. P. 37(a) Advisory Committee Notes to 1970 Amendment (where "the dispute over discovery is genuine, though ultimately resolved one way or the other by the court . . . the losing party is substantially justified in carrying the matter to court."). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban County Govt.*, 407 F.3d 755, 766 (6th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

In this case, the Court cannot conclude that defendants' objections to plaintiff's requests were "substantially justified" or "that other circumstances make an award of expenses unjust." Defendants takes issue with the Court's Order compelling responses to Requests No. 1 and 2 finding such requests were not overbroad because such Requests "could lead to the discovery of admissible evidence" when the standard set forth in Rule 26(b) requires discovery requests be "reasonably calculated" to lead to the discovery of admissible evidence. (Doc. 23 at 2). Defendant ignores the Court's additional finding that the discovery sought was "*directly relevant*

2

to defendants' assertion of their 'bona fide error' and 'good faith' defenses raised in their answer." (Doc. 20 at 2) (emphasis added). Thus, defendants' contention is without merit.

Defendants also argue that they were substantially justified in objecting to plaintiff's discovery requests on the basis of privilege and/or work product materials under Fed. R. Civ. P. 26(b)(3). (Doc. 23 at 2-3). However, as the Court pointed out in its order compelling discovery, under Rule 26(b)(5), defendants were required to produce a privilege log or its functional equivalent for all requested material they wished to withhold under a claim of either attorney-client privilege or protection by the work-product doctrine. (Doc. 20 at 4). Thus, defendants were certainly free to interpose an objection on the basis of privilege and/or work product; however, they were required to do so in compliance with the Rules of Civil Procedure.

Finally, defendants contend they were substantially justified in objecting to Request 5 which potentially sought files for thousands of cases nationwide rather than specific documents limited to cases in the state of Ohio. (Doc. 23 at 2). Before reaching this particular objection to Request 5, the Court rejected defendants' relevancy, privilege, and privacy arguments. (Doc. 20 at 5). In addressing the issue of the burden imposed by such discovery, plaintiff proposed two alternatives to resolve this issue and the Court stayed its ruling pending defendants' response to the alternatives. While the parties ultimately reached an agreement on producing the materials sought in Request 5, the Court cannot say this sole basis for objection amounts to substantial justification for not providing the discovery. Since plaintiff substantially prevailed on his motion to compel, under Rule 37(a)(4)(A) he is entitled to recover the legal fees and expenses he incurred preparing the motion. *See PepsiCo v. Central Inv. Corp., Inc.*, 216 F.R.D. 418, 421 (S.D. Ohio 2002) (Beckwith, J.).

Accordingly, plaintiff is entitled to fees and expenses incurred in bringing the motion to compel.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for expenses under Civil Rule 37(a)(4) (Doc. 21) be **GRANTED**.

2. If this recommendation is adopted, that plaintiff be ordered to submit an affidavit explaining the request for $1,633.73 in expenses.[1]

Date: 7/14/07

Timothy S. Hogan
United States Magistrate Judge

---

[1] The affidavit attached to plaintiff's motion for expenses appears to be the same affidavit submitted in conjunction with plaintiff's motion to compel discovery. However, attachments A, B, and C do not correspond to the attachments referenced in Mr. Felson's affidavit. In addition, attachment D appears to be an invoice in the amount of $1,815.25. Plaintiff requests expenses in the amount of $1,633.73. The Court is unable to discern the factors upon which the $1,633.73 figure is based. Counsel should clarify this discrepancy in the event the Report and Recommendation is adopted.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIMOTHY HASTINGS,
    Plaintiff,                                             Civil Action No. 1:06-cv-418

vs.

ASSET ACCEPTANCE, LLC, et al.,         (Beckwith, J.; Hogan, M.J.)
    Defendant.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).